**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4339
_____

MINNOR ELIGIO PICON-ARAGON,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent
_____

PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS
Agency No. A094-930-247
Immigration Judge:  Honorable Margaret R. Reichenberg
_____

Submitted Under Third Circuit LAR 34.1(a)
September 13, 2011
_____

Before: RENDELL, JORDAN and BARRY, <u>Circuit Judges</u>

(Opinion Filed: September 15, 2011 )
_____

OPINION
_____

BARRY, <u>Circuit Judge</u>

    Minnor Eligio Picon-Aragon, a native of Guatemala, challenges the denial by the

Board of Immigration Appeals (BIA) of his motion to reopen and remand his asylum

proceedings.[1] At issue is whether he failed to demonstrate past, or a well-founded fear of future, persecution on account of membership in a particular social group – to wit, being a particularly vulnerable target of Guatemalan gangs, or "*maras*," because of his age, wealth, and where he lived. We will deny his petition for review.

## I. Background

Picon-Aragon, now in his early twenties, entered the United States without inspection in April 2007, having fled Guatemala because of problems that he attributed to the *maras*. Specifically, in San Geronimo in 2006, he was robbed after leaving a bank, and the home that he shared with his aunt was burglarized. In early 2007, while returning to his own apartment in Guatemala City, gang members assaulted him and told him that because they controlled the neighborhood, he would have to pay them to live there. Picon-Aragon believed that the Guatemala City assailants were gang members, based on slogans that they shouted, hand signs that they flashed, and particular tattoos that they

---

[1] Picon-Aragon's counseled brief asserts that he petitions for review of a March 2009 BIA decision affirming the Immigration Judge's (IJ) denial of his asylum application. The government asserts that because, subsequent to that decision, he filed a motion to reopen and remand his proceedings, the instant petition in fact seeks review of the BIA's October 2009 denial of that motion. *See* Administrative Record (AR) at 3, 6-11. Jurisdiction in this case turns on whether the instant petition is construed as appropriately seeking review of the BIA's March 2009 dismissal, on the merits, of Picon-Aragon's appeal of the IJ's order of removal, *see* 8 C.F.R. § 1003.1(b), or as challenging the BIA's denial of his subsequent motion to reopen and remand his proceedings, *id.* § 1003.2(c). Given that his putative petition for review of the BIA's March 2009 decision appears only in the Appendix submitted by his counsel, not in this Court's case management / electronic case filing system, and that counsel has not filed a Reply Brief challenging the government's assertion that no such direct petition for review was filed, we will treat the instant petition as challenging only the BIA's denial of his motion to reopen and remand.

2

sported.  He knew nothing about the identities of the San Geronimo assailants.

On these facts, in October 2007 Picon-Aragon filed an application for asylum on the premise that he is vulnerable to harm if returned to Guatemala due to his membership in the "particular social group" of young, wealthy men in their late teens or early twenties who are targeted by the *maras* for extortion.  The IJ denied his petition for asylum, withholding of removal, and protection under the United Nations Convention Against Torture in May 2008, and the BIA dismissed his subsequent appeal in March 2009.  Most pertinent to the instant petition, both the IJ and the BIA concluded, among other things, that Picon-Aragon's asserted basis for relief was non-cognizable because the particular social group that he has identified as the basis for his persecution is overly broad and does not turn on an immutable characteristic.

## II.  Discussion

This Court exercises jurisdiction over all final orders of removal pursuant to 8 U.S.C. § 1252(a).  We apply a standard of review that "is highly deferential: we review the denial of a motion to reopen for abuse of discretion[, such that d]iscretionary decisions of the Board will not be disturbed unless they are found to be arbitrary, irrational, or contrary to law." *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004) (internal quotation marks and citations omitted).  "As a general rule, motions to reopen are granted only under compelling circumstances." *Id.* at 561.

The instant petition principally argues that the IJ and the BIA applied the wrong

3

evidentiary standard in evaluating Picon-Aragon's claims, and that the BIA applied the wrong legal standard vis-à-vis the necessary predicate for asylum of proving membership in a particular social group that is cause for persecution, contending: (1) that Guatemala's government acts in concert with the *maras*; and/or (2) that it is incapable of protecting, or is unwilling to protect, citizens against them; and/or (3) that the *maras* "function as [a] societal framework" and "a political force to be reckoned with," such as to constitute, not a mere "criminal element," but a "criminal sovereignty." Petitioner's Br. at 9. These are essentially the same arguments that Picon-Aragon made to the IJ, as well as to the BIA – a point that the BIA noted when it denied his motion to reopen and remand, together with the fact he did not allege any additional, new facts, as he was required to do. *See* AR at 3 (citing 8 C.F.R. § 1003.2(b)(1) & (c)(1) (providing that motions for reconsideration must identify specific errors of fact or law in the challenged decision and be supported by pertinent authority, and that motions to reopen must present material evidence that was unavailable and that could not have been discovered or presented at the former hearing)).

Picon-Aragon's instant petition is, likewise, without merit. The BIA properly concluded that his motion to reopen and remand did not advert to previously unavailable evidence, identify errors of fact or law other than in conclusory terms, or cite pertinent authority. *See id.* Indeed, his brief before this Court does not even address the BIA's denial of that motion, much less challenge that denial as an abuse of discretion. As such, he effectively has waived any basis for relief here – the availability of relief here itself

4

being dubious, at best.[2] *See United States v. Hoffecker*, 530 F.3d 137, 162 (3d Cir. 2008) (arguments in an opening brief that do not cite appropriate authority or relevant parts of the record thereby fail to properly raise an appellate issue, thus constituting waiver).

### III.  Conclusion

For these reasons, and because the remainder of Picon-Aragon's arguments are without merit, we will deny the petition for review.

---

[2] Even if we construed the instant petition as properly challenging the BIA's dismissal of Picon-Aragon's appeal of the IJ's decision on the merits, it still would fail.  Picon-Aragon appears to have been the victim of randomized (albeit deplorable) street thug robbery.  He has not shown, however, that he is "'unable or unwilling' to return to [Guatemala] 'because of persecution or a well-founded fear of persecution on account of … membership in a particular social group,'" *Vente v. Gonzales*, 415 F.3d 296, 300 (3d Cir. 2005) (quoting 8 U.S.C. § 1101(a)(42)(A)), which the BIA has defined as meaning a group "defined by a common, immutable characteristic that the group members 'either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences.'" *Valdiviezo-Galdamez v. Att'y Gen.*, 502 F.3d 285, 291 (3d Cir. 2007) (quoting *Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993)).  Here, it was proper to conclude that Picon-Aragon's claimed basis for relief is too broad and malleable – i.e., that he is targeted for extortion by local *maras* because he is a young, wealthy man.  Neither youth, wealth, nor place of residence are immutable characteristics.